Todd M. Friedman (216752)
Darin Shaw (251037)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
dshaw@attorneysforconsumers.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG BOYD, | ) Case No. 2:11-cv-00828-MCE-DAD |
| | ) |
| Plaintiff, | ) **FIRST AMENDED COMPLAINT** |
| | ) **FOR VIOLATION OF FEDERAL** |
| vs. | ) **FAIR DEBT COLLECTION** |
| | ) **PRACTICES ACT AND** |
| AARGON COLLECTION | ) **ROSENTHAL FAIR DEBT** |
| AGENCY; DUANE CHRISTY, an | ) **COLLECTION PRACTICES ACT** |
| individual, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code § 1788, *et seq*. (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

## III.  PARTIES

3.     Plaintiff, Greg Boyd ("Plaintiff"), is a natural person residing in Yolo county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4.     At all relevant times herein, Defendant, Aargon Collection Agency ("Defendant Aargon") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f).  Defendant Aargon regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

5.     At all relevant times herein, Defendant, Duane Christy ("Defendant Christy") was owner of Defendant Aargon.  As an officer, shareholder and/or director of Defendant Aargon, Defendant Christy was responsible for the overall success of the company. Defendant Christy is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c): he materially participated in collecting debt by occupying a position of critical

importance to Defendant Aargon's business; as the owner of Defendant Aargon, he exercised control over the affairs of a debt collection business; and he was regularly engaged, albeit more often indirectly than directly, in the collection of debts through his involvement in Defendant Aargon's affairs and Defendant Christy continued to play a key role in maintaining and expanding Defendant Aargons' debt collection activities throughout the time in question.

## IV.  FACTUAL ALLEGATIONS

6.　　At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant Aargon contacted Plaintiff in an attempt to collect an alleged outstanding debt.

7.　　In January 2011, Defendant initially contacted Plaintiff in connection with an attempt to collect an alleged debt.

8.　　On average, Plaintiff received from Defendant, more than two collections calls per day, more than ten collections calls per week, and more than twenty collections calls per month.

9.　　On more than one occasion, Plaintiff requested from Defendant, that validation of the alleged debt be sent in writing.

10. On or about January 25, 2011, Plaintiff sent Defendant a letter requesting validation of the alleged debt and that Defendant cease and desist from contacting him prior to producing said validation.

11. On or about January 28, 2011, Defendant received Plaintiff's validation letter pursuant to the certified mail return receipt.

12. Despite being in receipt of Plaintiff's dispute of the alleged debt and request for cease and desist, Defendant continued to contact Plaintiff without first providing validation, including but not limited to, February 4, 2011 at 1:52pm.

13. Defendant Aargon' conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

   a) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code §1788.11(d));
   b) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code §1788.11(e));
   c) Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§1692d(5));
   d) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§1692c(a)(1));
   e) Communicating or threatening to communicate credit information which is known or which should be known to be false (§1692e(8)); and
   f) After having received a written communication from Plaintiff disputing the debt, continuing to contact Plaintiff without having first having provided validation of the debt (§1692g(b)).

14. Defendant Christy as owner of Defendant Aargon is directly responsible for Defendant Aargon' violations.

15. As a result of the above violations of the FDCPA and RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendants are liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

    A.    Declaratory judgment that Defendants' conduct violated the FDCPA;
    B.    Actual damages;
    C.    Statutory damages;
    D.    Costs and reasonable attorney's fees; and,
    E.    For such other and further relief as may be just and proper.

### COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff reincorporates by reference all of the preceding paragraphs.

18. To the extent that Defendants' actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

    A.    Declaratory judgment that Defendant's conduct violated the RFDCPA;

    B.    Actual damages;

    C.    Statutory damages for willful and negligent violations;

    D.    Costs and reasonable attorney's fees,

    E.    For such other and further relief as may be just and proper.

## **PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 9th day of May, 2011.

By: s/Todd M. Friedman_____
    Todd M. Friedman (216752)
    Law Offices of Todd M. Friedman, P.C.
    369 S. Doheny Dr. #415
    Beverly Hills, CA 90211
    Phone: 877 206-4741
    Fax: 866 633-0228
    tfriedman@attorneysforconsumers.com
    Attorney for Plaintiff